[No. 18110.   Department Two.   January 18, 1924.]

MacCALLUM-DONAHOE FINANCE COMPANY,
v. OTTO LEIENDECKER, *Appellant*.[1]

APPEAL (145)—PRESERVATION OF GROUNDS—EXCEPTIONS TO FIND-
INGS.  In the absence of exceptions to findings of fact to the effect
that plaintiff was entitled to the possession of a truck which was
wrongfully taken by defendant, a judgment in replevin for the
truck must be affirmed.

Appeal from a judgment of the superior court for
Yakima county, Nichoson, J., entered January 31, 1923,
upon findings in favor of the plaintiff, in an action in
replevin, tried to the court.  Affirmed.

*Snively & Bounds*, for appellant.

*Parker, LaBerge & Parker*, and *George L. Spirk*, for
respondent.

MITCHELL, J.—This is an action in replevin, involv-
ing a motor truck, that was decided by the trial court
in favor of the plaintiff.  The defendant, Leiendecker,
has appealed.

One Sprague, while engaged in business in the name
of the Signal Motor Trucking Company, had the truck
in his stock for sale.  The appellant, Leiendecker, by
the investment of money and his personal attention to
the business, became actively engaged as a partner
with Sprague.  Later he withdrew from the partner-
ship, leaving Sprague entitled to, and having the pos-
session and control of, the truck. Thereafter the Signal
Motor Trucking Company went out of business, at
which time the truck was delivered into the possession
of the respondent, MacCallum-Donahoe Finance Com-
pany, as the owner, by reason of a financial arrange-

[1]Reported in 222 Pac. 215.

ment with that company made by the Signal Motor Trucking Company through both of the partners Sprague and Leiendecker while they as such partners were engaged in business and had possession of the truck. After the respondent got possession of the truck, it continued that possession undisturbed for more than a year, whereupon the appellant took the truck without any process or apparent authority. Thereafter it was re-delivered to the respondent and was again taken from it by the appellant, without any process and without the consent of the respondent, and then this suit was instituted. These facts appear rather clearly upon an examination of the testimony; and such statement of the facts may be supplemented by the observation that the trial court entered written findings of fact, among others, as follows:

"That the plaintiff is entitled to the possession of that certain 1920 Signal one and one-half ton motor truck, Style C-4 Serial No. H-1296, Engine No. 3635.

"That the defendant, Otto Leiendecker, at the commencement of this action was in the wrongful possession of said truck, and after demand for such possession had been made of the defendant by the plaintiff said defendant wrongfully and unlawfully failed and refused to deliver possession of said truck to the plaintiff."

No exceptions to the findings were taken or filed.

Such being the facts and the record in the case, we conclude the judgment must be and it is affirmed.

MAIN, C. J., BRIDGES, FULLERTON, and PEMBERTON, JJ., concur.